NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JIM W. FANG
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*



```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

        NOV 10 2020

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEANDRA MICHELLE SMITH, <br><br> Defendant. | No. 2:20-cr-00283-APG-DJA <br><br> **Binding Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) for Defendant Deandra Michelle Smith** |

This plea agreement between Deandra Michelle Smith ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, and restitution in the above-captioned case. **This is a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** The government and defendant agree that a sentence of 12 months and one day of imprisonment, a supervised release term of three years, and restitution of $22,490 is appropriate in this case. If the district court accepts the plea agreement, it will be obligated to impose that agreed-upon sentence. This agreement binds only defendant, the USAO, and the district court, and does not bind the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from

seeking any other civil or administrative remedies, including civil forfeiture *in rem*, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

    a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Mail Fraud in violation of 18 U.S.C. § 1341.

    b. Stipulate to the facts agreed to in this agreement;

    c. Abide by all agreements regarding sentencing contained in this agreement;

    d. Not seek to withdraw defendant's guilty plea once it is entered unless the district court later does not accept the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5);

    e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

    f. Not commit any federal, state, or local crime;

    g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

    h. Before and after sentencing, upon request by the district court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all

financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information;

    i.    To facilitate payment of any fine, forfeiture, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the district court; and

    j.    Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

## II. THE USAO'S OBLIGATIONS

2.    The USAO agrees to:

    a.    Stipulate to facts agreed to in this agreement;

    b.    Abide by all agreements regarding sentencing contained in this agreement;

   c. At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

   d. Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

## III. ELEMENTS OF THE OFFENSE

3. <u>Count One</u>: The elements of Mail Fraud under 18 U.S.C. § 1341 are as follows:

<u>First</u>: Defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>: The statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

<u>Third</u>: Defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

<u>Fourth</u>: Defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

*See* Ninth Circuit Model Criminal Jury Instruction 8.121 (2010 ed. updated Dec. 2019) (modified by *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020)).

## IV. CONSEQUENCES OF CONVICTION

4. <u>Maximum Statutory Penalties</u>: Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 1341, as charged in Count One, is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

5. <u>Restitution</u>: Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in USSG § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $22,490, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

6. <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

7. <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised

1  release, which could result in defendant serving a total term of imprisonment greater than the
2  statutory maximum stated above.

3      8.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court
4  must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.
5  However, the statutory maximum sentence limits the district court's discretion in determining
6  defendant's sentence.

7      9.    <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by
8  pleading guilty, defendant may be giving up valuable government benefits and valuable civic
9  rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the
10 right to serve on a jury. Defendant understands that once the district court accepts defendant's
11 guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.
12 Defendant understands that the conviction in this case may also subject defendant to various
13 other collateral consequences, including but not limited to revocation of probation, parole, or
14 supervised release in another case and suspension or revocation of a professional license.
15 Defendant understands that unanticipated collateral consequences will not serve as grounds to
16 withdraw defendant's guilty plea.

17     10.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant
18 understands that, if defendant is not a United States citizen, the felony conviction in this case
19 may subject defendant to removal, also known as deportation, which may, under some
20 circumstances, be mandatory; denial of citizenship; and denial of admission to the United States
21 in the future. The district court cannot advise defendant fully regarding the immigration
22 consequences of the felony conviction in this case, but defendant's attorney has advised him
23 about the deportation risks of his guilty plea. Defendant understands that unexpected
24 immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

11.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

   a.   Around February of 2017, defendant devised a scheme to defraud by applying for unemployment insurance benefits with the Nevada Department of Employment, Training and Rehabilitation ("DETR") and impersonating a person by name of K.S., who she knew was a real person because defendant knew K.S. personally.

   b.   Defendant applied for said DETR benefits by using K.S.'s personal identification information, such as his Social Security Number and Date of Birth, without K.S.'s knowledge or consent.

   c.   Defendant falsely stated that K.S. had been laid off, all the while knowing K.S. had gainful employment, and listed her own address as K.S.'s address so that she, not K.S., would receive the debit card issued by DETR to disburse the benefits.

   d.   In carrying out her fraudulent scheme, defendant made false statements and misrepresentations about her identity and K.S.'s employment status in order to induce DETR into approving the unemployment benefits claim. These false statements and misrepresentations were material because DETR would not have otherwise approved the claim.

  e. Defendant used and caused to be used the mails to carry out an essential part of the scheme, that is, inducing DETR to send her, on or about February 10, 2017, the DETR debit card to her Las Vegas, Nevada address via mail, which she received.

  f. Defendant used sophisticated means, as defined in USSG § 2B1.1(b)(10), during her offense by attempting to disguise her involvement in the fraud through changing the address associated with K.S.'s DETR claim (which she filed) several times to fake addresses after she received the debit card.

  g. Defendant renewed the claim in February of 2018 by again impersonating K.S. and falsely stating that he was laid off.

  h. Between at least March of 2017 and August of 2018, defendant used the debit card issued by DETR in K.S.'s name to make cash withdraws, purchases, and other transactions to obtain money and property using the fraudulently obtained unemployment benefits. Defendant made transactions in multiple states, including but not limited to Nevada, California, Texas, and Hawaii. Defendant admits that a total of $22,490 were deposited by DETR into the debit card, all of which were then withdrawn by defendant in various transactions.

  i. Defendant admits that, in both applying for unemployment benefits and subsequently using the debit card issued in K.S.'s name, defendant did so with the intent to defraud DETR, that is, the intent to deceive and cheat.

## VI. SENTENCING FACTORS

12. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), however, if the district court accepts this plea agreement, it will be obligated to impose the agreed-upon sentence of 12 months and one day of imprisonment, three years' supervised released, and restitution of $22,490.

13. <u>Offense Level Calculations</u>: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

| | |
|---|---|
| Base Offense Level [USSG § 2B1.1(a)(2)]: | 7 |
| Loss > $15,000 [USSG § 2B1.1(b)(1)(C)]: | +4 |
| Sophisticated Means [USSG § 2B1.1(b)(10)(C)]: | +2 |
| Unauthorized Use of a Means of Identification to Obtain Another Means of Identification [USSG § 2B1.1(b)(11)(C)(i)]: | +2 |
| Adjusted Offense Level: | 15 |

14. <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides

false or misleading information to the USAO, the district court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

15. <u>Criminal History Category</u>: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

16. <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional

information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

17. **This is a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).** The parties will jointly recommend that the district court sentence defendant to a term of imprisonment of 12 months and a day. In the event that such sentence is outside defendant's sentencing guidelines range as determined by the district court, the parties will jointly request a variance to 12 months and a day. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 12 months and a day is a reasonable sentence. The parties understand and the defendant acknowledges that, if the district court accepts this binding plea agreement, this recommended sentence will be binding on the district court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this Plea Agreement in the event that the district court informs the parties that it rejects this binding Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

18. If the district court rejects this binding Plea Agreement, defendant is advised that (a) the district court is not required to follow the plea agreement; (b) both defendant and the USAO have the opportunity to withdraw from the plea; and (c) if the plea is not withdrawn, the district court may dispose of the case less favorably toward defendant than the plea agreement contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(5)(A)-(C). Defendant acknowledges, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

11

19. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

20. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

21. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty;

   b. The right to a speedy and public trial by jury;

   c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

   d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against defendant;

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

### IX. WAIVER OF APPELLATE RIGHTS

22. <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed at or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statute of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

23. Defendant reserves only the right to appeal any portion of the sentence that is above the applicable Sentencing Guideline range as determined by the district court.

24. <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

25. <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

### X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

26. <u>Consequence of Withdrawal of Guilty Plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than the district court rejecting the binding plea agreement or a claim and finding that entry into this agreement was involuntary,

then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

27. <u>Consequence of Vacatur, Reversal, or Set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XI. BREACH OF AGREEMENT

28. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

29. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30. Defendant understands that the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors. Defendant understands that the district

15

court is not a party to this agreement and is only bound by the parties' sentencing recommendation.

31. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

32. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the parties, or impose any sentence up to the maximum established by statute, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

33. Defendant acknowledges that:

   a. Defendant read this agreement and defendant understands its terms and conditions.

   b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

   c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

   d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

  e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

  f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

  g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

34. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charge brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

35. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

36. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

37. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XIV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

38. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_/s/ Jim W. Fang_                                    Oct. 13, 2020
JIM W. FANG                                          Date
Assistant United States Attorney

_/s/ Deandra Michelle Smith_                         10/12/2020
DEANDRA MICHELLE SMITH                               Date
Defendant

_/s/ Angela H. Dows_                                 10/12/2020
ANGELA H. DOWS, ESQ.                                 Date
Attorney for Defendant Smith

**Exhibit A**
**Form of Single-Count Information**
**Charging Defendant Smith**

THE UNITED STATES ATTORNEY CHARGES THAT:

<u>COUNT ONE</u>
Mail Fraud
(18 U.S.C. § 1341)

1. From at least on or about March of 2017 to at least on or about August of 2018, in the State and Federal District of Nevada and elsewhere,

DEANDRA MICHELLE SMITH,

defendant herein, participated in and devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

2. The purpose of the scheme and artifice to defraud was to obtain from Nevada's Department of Employment, Training, and Rehabilitation ("DETR") unemployment insurance benefits to which defendant was not entitled.

3. On or about February 10, 2017, in the State and Federal District of Nevada, defendant, for the purpose of executing the scheme and artifice to defraud, caused a DETR debit card issued in the name of K.S. to be sent and delivered to her residence in Las Vegas, Nevada, by mail and private and commercial carrier, all in violation of 18 U.S.C. § 1341.