ANGELA H. DOWS, ESQ.
Nevada Bar No. 10339
adows@crdslaw.com
CORY READE DOWS & SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
Attorney for Defendant Deandra Smith

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 2:20-cr-00283-APG-DJA |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT DEANDRA SMITH'S** |
| | ) **SENTENCING MEMORANDUM/** |
| DEANDRA MICHELLE SMITH, | ) **LETTER(S) IN SUPPORT** |
| | ) |
| Defendant. | ) |
| | ) |

<u>Certification</u>:  This Memorandum is not timely filed; Defendant alternatively requests consideration of the attached letter in support of her sentencing.

Comes now the Defendant, DEANDRA MICHELLE SMITH, by and through her attorney of record, Angela H. Dows, Esq., of the law firm of CORY READE DOWS & SHAFER, and hereby submits this Sentencing Memorandum/Letter(s) in Support in connection with her sentencing, presently scheduled for April 29, 2021.

DATED this 23rd day of April, 2021.

                                                CORY READE DOWS & SHAFER

                                                By: /s/ Angela H. Dows
                                                    Angela H. Dows, Esq.
                                                    1333 North Buffalo Drive, Suite 210
                                                    Las Vegas, Nevada 89128

## FACTUAL AND PROCEDURAL HISTORY

### A. Binding Plea Agreement.

In October of 2020, Defendant DEANDRA MICHELLE SMITH pleaded guilty to a single-count information for Mail Fraud pursuant to 18 U.S.C. § 1341, and entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The binding plea agreement was filed with this Court on November 10, 2020, along with a formal waiver of indictment. (ECF No. 4.)

If this Court accepts the same, the parties have agreed in the binding plea agreement, among other items, that: (1) the custodial sentence length will be twelve (12) months and one (1) day, (2) the supervised release term will be three (3) years, and (3) the restitution amount is Twenty-Two Thousand Four Hundred Ninety Dollars and Zero Cents ($22,490.00). (ECF No. 4, at page 9.) To Defendant's knowledge, no forfeiture is anticipated in this case.

### B. Presentence Report; Informal Objection to Paragraph 54.

Defendant has not raised a formal objection to the Presentence Report to date. Defendant anticipates discussing the Arizona hotel room charges pending matter during her sentencing hearing. (*See* PSR, at Page 12, Paragraph 54.) and potentially one or more special conditions recommended, if the Court chooses to impose the same. (*See* PSR, *at* pages 21-22.)

## A SENTENCE ACCORDING TO THE BINDING PLEA AGREEMENT IS SUFFICIENT BUT NOT GREATER THAN NECESSARY.

Based on the 18 U.S.C. § 3553 factors, including: (1) the nature and circumstances of the offense and Ms. Smith's history and characteristics, (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (3) affording adequate deterrence to criminal conduct, (4) protecting the public from future crimes, (5) the kinds of sentences available and established, and (6) any pertinent policy statement, it is respectfully requested that Ms. Smith's sentence be consistent with the binding plea agreement.

In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), it will be the Court's duty at the time of sentencing to impose the sentence which is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a), to fulfill the purposes of sentencing listed under *Id.* at (a)(2). *Booker*, 125 S.Ct. at 750-752, 764-66. The mandate to sentence within the specified guidelines has been abolished by *Booker*, but the Guidelines remain a factor which the Court must "consider" before imposing a sentence. 18 U.S.C. § 3553(a)(4). As a practical matter, it may make sense to determine the Guidelines first; although that is not to say they should receive the most weight. In fact, any special weight to the guideline range relative to the Section 3553(a) factors would violate the Sixth Amendment. Thus, the guidelines are but one of the many factors to be considered. *United States v. Zavala*, 443 F.3d 1165, 1170-71 (9th Cir. 2006). In considering imposing "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2," Section 3553(a)(2) states that such purposes are:

3

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553 (a)(2).  Section 3553(a) further directs sentencing courts to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available, (3) the kinds of sentence and the sentencing range established for the applicable category of the offense, (4) any pertinent policy statement, (5) the need to avoid unwarranted sentence disparities among defendants, and (6) the need to provide restitution to any victims of the offense, if applicable.  Put differently, district courts may no longer uncritically apply the guidelines.  As one district court has already held, "*Booker* is not an invitation to do business as usual." *United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wis 2005).

In this case, Ms. Smith incorporates the "Personal and Family Data," "Marital Status," "Educational, Vocational and Special Skills," and "Employment Record" information found on pages 13 to 15 of the PSR.  Additionally, Ms. Smith attaches to this Memorandum a letter in support from Archie Walden, the training director from the SNLTT Laborers' Local 872. Mr. Walden described Ms. Smith:

1. being a good apprentice in the program, including "maintaining good work ethic and positive demeanor" during the time in the program.

2. volunteering "readily" for projects at women's shelters and community-based projects.  Specifically, Ms. Smith "had no problem with giving a

4

hand in to work around the community or assisting in activities to help others."

See letter in support from Archie Walden, *attached hereto as* **Exhibit A.**

## CONCLUSION

For the foregoing reasons, Ms. Smith submits the items in support of her sentencing, and requests that she be allowed the terms as identified in her binding plea agreement.

DATED this 23rd day of April, 2021.

        **CORY READE DOWS & SHAFER**

        By: /s/ Angela H. Dows
          Angela H. Dows, Esq.
          1333 North Buffalo Drive, Suite 210
          Las Vegas, Nevada 89128
          Attorney for Defendant
          DEANDRA MICHELLE SMITH

# CERTIFICATE OF SERVICE

The undersigned hereby affirms that a copy of the foregoing:

**DEFENDANT DEANDRA MICHELLE SMITH'S SENTENCING MEMORANDUM**

has been served on counsel of record as listed below, via CM/ECF, as follows:

Jim W. Fang    jim.fang@usdoj.gov, caseview.ecf@usdoj.gov, cassandra.mello@usdoj.gov, jackie.dolan@usdoj.gov

DATED this 23rd day of April, 2021.

/s/ Angela H. Dows
ANGELA H. DOWS, ESQ.