CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 13644
ALLISON REESE
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6502

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:20-cr-00283-APG-DJA-1 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | PETITION FOR ACTION | |
| ) | ON CONDITIONS OF | |
| DEANDRA SMITH ) | <u>PRETRIAL RELEASE</u> | |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Alicia Shiveley, U. S. Pretrial Services Officer. I have reviewed that Petition, and I concur in the recommended action requested of the court.

Dated this 14th day of July, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

By _____/S/_____.
JIM FANG
Assistant U.S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. DEANDRA SMITH　　　　　　　　　　　　Docket No.: 2:20-cr-00283-APG-DJA-1

Petition for Action on Conditions of Pretrial Release

　　COMES NOW Alicia Shiveley, U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Deandra Smith. The defendant initially appeared on November 10, 2020, before Your Honor and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant initially appeared on November 10, 2020, before Your Honor and was ordered released on a personal recognizance bond with the following conditions:
2. The defendant shall report to U.S. Pretrial Services for supervision.
3. The defendant shall satisfy all outstanding warrants within [no timeframe specified] days and provide verification to Pretrial Services or the supervising officer.
4. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
5. The defendant shall not obtain a passport or passport card.
6. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Clark County, NV.
7. The defendant may travel to Arizona and California for the purpose of addressing warrants and visiting family.
8. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
9. The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.
10. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
11. The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
12. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
13. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
14. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.

15. The defendant shall not apply for unemployment benefits without first consulting Pretrial Services and allowing Pretrial Services to monitor and review her application.
16. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
17. Comply with the directives of medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

On April 29, 2021, Ms. Smith appeared before Your Honor for sentencing and disposition. Ms. Smith was sentenced to 12 months custody to be followed by 3 years of supervised released with special conditions, $100 assessment, and $22,490 restitution. The defendant was ordered to self-surrender to the designated institution by 12PM on September 3, 2021. The defendant was continued on all previously imposed conditions of release with the additional conditions as follows:

18. The defendant shall satisfy all outstanding warrants within 30 days and provide verification to Pretrial Services or the supervising officer. (there was no timeframe on the original bond, and she has still neglected to address the warrants)
19. The defendant shall not drive without a valid driver's license.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. As of July 14, 2021, Ms. Smith has failed to address her outstanding warrants.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| **ORDER OF COURT** | I declare under penalty of perjury that the information herein is true and correct. Executed on this 14th day of July, 2021. |
|---|---|
| Considered and ordered this ____ day of July, 2021 and ordered filed and made a part of the records in the above case. | Respectfully Submitted, |
| | *Alicia Shiveley* |
| _____ | Alicia Shiveley SPB |
| Honorable Andrew Gordon | U.S. Pretrial Service Officer |
| U.S. District Judge | Place: <u>Las Vegas, Nevada</u> |